IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Henry Magazine, | ) | C/A No.: 3:15-2065-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Michael A. Evans, Jr.; Wells-Fargo | ) | |
| Bank; and Federal Reserve Bank, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Henry Magazine ("Plaintiff") filed this action proceeding pro se and in forma pauperis. Plaintiff sues Michael A. Evans, Jr. ("Evans"), Wells Fargo Bank, and the Federal Reserve Bank (collectively "Defendants") seeking the return of money he alleges he deposited in Wachovia Bank.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff filed this complaint alleging that he deposited a check for 330 billion dollars in Wachovia Bank. [ECF No. 1 at 3]. Plaintiff claims that he received the check

---

[1] In 2008, Wells Fargo & Company acquired Wachovia Corporation, and all Wachovia accounts were moved to Wells Fargo. *See* https://www.wellsfargo.com/about/corporate/ wachovia (last visited May 21, 2015).

between 1999 and 2004 from a civil rights lawsuit against the Charlotte-Mecklenburg Public Housing Authority, the City of Charlotte police department, the state of North Carolina, and the United States of America. *Id.* at 4. Plaintiff states that he cannot remember the exact date he deposited the check, but that he gave the check to Evans for deposit into a ten year certificate-of-deposit. *Id.* at 3. Plaintiff alleges that Wells Fargo informed him that it does not have any money that belongs to him. *Id.* Plaintiff requests that the court find out who took his money and "make them responsible for it and pay [him] back." *Id.* at 5.

II.    Discussion

    A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

    Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court

is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332; and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn.13–16 (1978).   Plaintiff's complaint states that Evans is a former employee of Wachovia in Sumter, South Carolina [ECF No. 1 at 2], but fails to provide the citizenship

4

of any party. Accordingly, the court does not have diversity jurisdiction over this case. *See Skeens v. Alpha Natural Res., Inc.*, 583 F. App'x 200, 201–202 (4th Cir. 2014) (finding that the district court should have dismissed the complaint based on plaintiffs' failure to establish complete diversity, where plaintiffs' complaint established the citizenship of plaintiffs but listed only the state of incorporation of defendant corporations).

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that Defendants have violated a federal statute or constitutional provision.  To the extent Plaintiff seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, he has failed to allege the violations were committed under the color of state law.  Purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). Because Plaintiff has not shown that the court has either diversity or federal question jurisdiction over his claims, his complaint is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 21, 2015                                                   Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).